ROBERT E. SCHROTH SR., ESQ. (SBN 103063)
schrothlaw@wyoming.com
ROBERT E. SCHROTH JR., ESQ. (SBN 212936)
robschrothesq@sbcglobal.net
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

FILED

10 DEC 17 AM 9: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Plaintiffs Jeri B. Schwebs and
all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JERI B. SCHWEBS, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYSE FINANCIAL SERVICES, INC., a Colorado Corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**SACV10-01927 JST(RNBx)**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JERI B. SCHWEBS ("SCHWEBS"), on behalf of himself and all others similarly situated, by way of this Class Action Complaint against Defendants, says:

## I. PARTIES

1.      SCHWEBS is a natural person.

2.      At all times relevant to this complaint, SCHWEBS was a citizen of, and resided in, the City of Orange, Orange County, California.

3.     At all times relevant to this complaint, WYSE FINANCIAL SERVICES, INC. ("WYSE FINANCIAL") is a Colorado Corporation. WYSE FINANCIAL maintains its principal business address at 3410 South Galena Street, Suite 250, City of Denver, Denver County, Colorado.

4.     Defendants, DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of WYSE FINANCIAL that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by WYSE FINANCIAL and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

5.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

7.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

8.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant, WYSE FINANCIAL, is subject to personal jurisdiction in the State of California at the time this action is commenced.

-2-

CLASS ACTION COMPLAINT

### III. PRELIMINARY STATEMENT

9.     Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

10.    Such practices include, *inter alia*:

(a)    Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of WYSE FINANCIAL's identity;

(b)    Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

11.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692a-e.

-3-

1        12.    The FDCPA is a strict liability statute which provides for actual or

2  statutory damages upon the showing of one violation. The Ninth Circuit has held

3  that whether a debt collector's conduct violates the FDCPA should be judged from

4  the standpoint of the "least sophisticated debtor." *Baker v. G.C. Services Corp.*, 677

5  F.2d 775, 778 (9th Cir. 1982).

6        13.    To prohibit harassment and abuses by debt collectors the FDCPA, at

7  15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct

8  the natural consequence of which is to harass, oppress, or abuse any person in

9  connection with the collection of a debt and names a non-exhaustive list of certain

10  *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §

11  1692d(1)-(6). Among the *per se* violations is the placement of telephone calls

12  without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

13        14.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e,

14  outlaws the use of false, deceptive, and misleading collection letters and names a

15  non-exhaustive list of certain *per se* violations of false and deceptive collection

16  conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are:  the failure

17  by debt collectors to disclose in initial oral communications that the debt collector

18  is attempting to collect a debt and that any information obtained will be used for

19  that purpose, and the failure to disclose in subsequent oral communications with

20  consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

21        15.    The RFDCPA regulates collection agencies and original creditors

22  attempting to collect debts on their own behalf. The California legislature has

23  determined that the banking and credit system and grantors of credit to consumers

24  are dependent upon the collection of just and owing debts and that unfair or

25  deceptive collection practices undermine the public confidence that is essential to

26  the continued functioning of the banking and credit system and sound extensions of

27  credit to consumers. The California legislature has further determined that there is a

28  need to ensure that debt collectors exercise their responsibility with fairness,

1   honesty, and due regard for the debtor's rights and that debt collectors must be

2   prohibited from engaging in unfair or deceptive acts or practices.

3      16.    The Plaintiff, on behalf of himself and all others similarly situated,

4   seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal

5   in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA,

6   and all other common law or statutory regimes.

7      17.    The Plaintiff, on behalf of himself and all others similarly situated,

8   requests that he and the class members be awarded statutory, common law, and/or

9   actual damages payable by the Defendants.

10     18.    This case involves money, property, or other equivalent, due or owing

11   or alleged to be due or owing from natural persons by reason of consumer credit

12   transactions.  As such, this action arises out of "consumer debts" and "consumer

13   credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### IV. FACTS CONCERNING PLAINTIFF

15     19.    Sometime prior to April 2, 2010, SCHWEBS allegedly incurred a

16   financial obligation ("Schwebs Obligation").

17     20.    The Schwebs Obligation arises out of a transaction in which the

18   money, property, insurance, or services which are the subject of the transaction are

19   primarily for personal, family, or household purposes.

20     21.    Defendants contend that SCHWEBS defaulted on the Schwebs

21   Obligation.

22     22.    The Schwebs Obligation is a "debt" as defined by 15 U.S.C.

23   §1692a(5).

24     23.    The Schwebs Obligation is a "debt" as defined by Cal. Civ. Code

25   §1788.2(d).

26     24.    SCHWEBS is, at all times relevant to this complaint, a "consumer" as

27   that term is defined by 15 U.S.C. § 1692a(3).

28   / / /

-5-

CLASS ACTION COMPLAINT

25.     SCHWEBS is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

26.     SCHWEBS is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

27.     SCHWEBS is informed and believes, and on that basis alleges, that sometime prior to April 2, 2010, the Schwebs Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to WYSE FINANCIAL for collection.

28.     WYSE FINANCIAL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.     WYSE FINANCIAL is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

30.     WYSE FINANCIAL is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     WYSE FINANCIAL is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

32.     Within the one year immediately preceding the filing of this complaint, WYSE FINANCIAL contacted SCHWEBS via telephone in an attempt to collect the Schwebs Obligation.

33.     Within the one year immediately preceding the filing of this complaint, WYSE FINANCIAL placed telephone calls to SCHWEBS and left scores of "pre-recorded" telephonic voice messages ("Messages") on his home telephone answering machine in an attempt to collect the Schwebs Obligation.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

34.     The following is a transcription of one such Message that WYSE FINANCIAL left for SCHWEBS in or April 2010:

> "Hello, I'm calling about important personal business. Please call me back as soon as possible at the following number: 888-409-4415. Again, my number is 888-409-4415. Thank you. Goodbye."

35.     The following is a transcription of another such Message that WYSE FINANCIAL left for SCHWEBS in or April 2010:

> *"Jeri, Schwebs* -- Call our office during business hours for a message concerning important personal business. The telephone number is, 888-409-4415. Again, the number is 888-409-4415. Whoever returns this call should refer to Reference Number -- *4187594*. Again, the Reference Number is -- *4187594*. If you wish to speak with someone number regarding your account, press zero. To repeat these choices, press the star key. Thank you for your help. Goodbye."

36.     Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

37.     Each of the Messages was left in connection with the collection of a "debt" as defined by Cal. Civ. Code § 1788.2(d).

38.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.     Each of the Messages was left by, or caused to be left by, persons employed by WYSE FINANCIAL as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40.     Each of the Messages was left by, or caused to be left by, persons employed by WYSE FINANCIAL as a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

/ / /

/ / /

CLASS ACTION COMPLAINT

41.     The telephone number "888-409-4415" is answered by is answered by persons who are employed by WYSE FINANCIAL as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

42.     The telephone number "888-409-4415" is answered by is answered by persons who are employed by WYSE FINANCIAL as "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

43.     Each of the Messages uniformly failed to identify WYSE FINANCIAL by its company name as the caller.

44.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

45.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

46.     At the time SCHWEBS received the Messages, he did not know the identity of caller.

47.     At the time SCHWEBS received the Messages, he did not know that the caller was a debt collector.

48.     At the time SCHWEBS received the Messages, he did not understand that the call concerned the collection of a debt.

49.     The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by WYSE FINANCIAL, and then provide that debt collector with personal information.

50.     WYSE FINANCIAL intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the

-8-

CLASS ACTION COMPLAINT

1   purpose underlying the Messages.

2        51.    At all times relevant to this action, WYSE FINANCIAL willfully,

3   deliberately, and intentionally chose not to provide meaningful identification of

4   itself in telephonic voice messages left for consumers, such as the Messages, by

5   accurately stating its company name and stating the nature and/or purpose of the

6   call.

7        52.    WYSE FINANCIAL's act of leaving the Messages for Plaintiff and

8   other similarly situated consumers is conduct the natural consequences of which is

9   to harass, oppress, or abuse a person in connection with the collection of a debt and

10  is in violation of the FDCPA and RFDCPA.

11       53.    WYSE FINANCIAL's act of leaving the Messages for Plaintiff and

12  other similarly situated constitutes the use of a false, deceptive, or misleading

13  representation or means in connection with the collection of any debt and is in

14  violation of the FDCPA and RFDCPA.

15       54.    The FDCPA and RFDCPA secure a consumer's right to have a debt

16  collector cease further communications with the consumer. By failing to

17  meaningfully identify itself, disclose the purpose of its call and state that WYSE

18  FINANCIAL is a debt collector in a manner understandable to the least

19  sophisticated consumer, WYSE FINANCIAL has engaged in conduct designed to

20  deprive consumers of their right to have a debt collector cease further

21  communications

22              **V. POLICIES AND PRACTICES COMPLAINED OF**

23       55.    It is Defendants' policy and practice to leave telephonic voice

24  messages for consumers and other persons, such as the Messages, that violate the

25  FDCPA and RFDCPA by uniformly failing to:

26       (a)    Provide meaningful disclosure of WYSE FINANCIAL's identity as

27              the caller;

28  ///

CLASS ACTION COMPLAINT

(b)   Disclose that the communication was from a debt collector; and

(c)   Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

56.   On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

57.   This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58.   With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of California, (b) for whom Defendant left an automated voicemail or answering machine message, in the form of the Messages, (c) that did not identify Defendant by its company name or state that the call was for collection purposes, (d) made in connection with Defendant's attempt to collect a debt, (e) on behalf of Midland Credit Management (f) which Messages violate the FDCPA and RFDCPA, (g) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

59.   The identities of all class members are readily ascertainable from the records of WYSE FINANCIAL and those companies and governmental entities on whose behalf it attempt to collects debts.

60.   Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of WYSE FINANCIAL and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

61.   There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11);

-10-

CLASS ACTION COMPLAINT

1  and Cal. Civ. Code §§ 1788.11(b) and 1788.17.

2      62.   The Plaintiff's claims are typical of the class members, as all are based

3  upon the same facts and legal theories.

4      63.   The Plaintiff will fairly and adequately protect the interests of the

5  Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with

6  experience in handling consumer lawsuits, complex legal issues, and class actions,

7  and neither the Plaintiff nor his attorneys have any interests, which might cause

8  them not to vigorously pursue this action.

9      64.   This action has been brought, and may properly be maintained, as a

10 class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil

11 Procedure because there is a well-defined community interest in the litigation:

12    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis

13          alleges, that the Plaintiff Class defined above is so numerous that

14          joinder of all members would be impractical.

15    (b)   **Common Questions Predominate:** Common questions of law and

16          fact exist as to all members of the Plaintiff Class and those questions

17          predominate over any questions or issues involving only individual

18          class members. The principal issues are:

19          (i)    Whether the Defendants' telephonic voice messages,

20                 such as the Messages, violate 15 U.S.C. § 1692d(6);

21          (ii)   Whether the Defendants' telephonic voice messages,

22                 such as the  Messages, violate 15 U.S.C. § 1692e(11);

23          (iii)  Whether the Defendants' telephonic voice messages,

24                 such as the Messages, violate Cal. Civ. Code §

25                 1788.11(b); and

26          (iv)   Whether the Defendants' telephonic voice messages,

27                 such as the Messages, violate Cal. Civ. Code § 1788.17.

28  / / /

-11-

CLASS ACTION COMPLAINT

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

65. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for WYSE FINANCIAL, which, on

1    information and belief, collects debts throughout the United States of America.

2    66.    Certification of a class under Rule 23(b)(2) of the Federal Rules of

3    Civil Procedure is also appropriate in that a determination that Messages violate 15

4    U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any

5    monetary relief under the FDCPA would be merely incidental to that determination.

6    67.    Certification of a class under Rule 23(b)(3) of the Federal Rules of

7    Civil Procedure is also appropriate in that the questions of law and fact common to

8    members of the Plaintiff Class predominate over any questions affecting an

9    individual member, and a class action is superior to other available methods for the

10   fair and efficient adjudication of the controversy.

11   68.    Depending on the outcome of further investigation and discovery,

12   Plaintiffs may, at the time of class certification motion, seek to certify a class only

13   as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

14
## VII.  FIRST CAUSE OF ACTION
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
15
**(AGAINST ALL DEFENDANTS)**

16   69.    Plaintiff realleges and incorporates by reference the allegations in the

17   preceding paragraphs of this Complaint.

18   70.    Defendants violated the FDCPA. Defendants' violations with respect

19   to the Messages include, but are not limited to, the following:

20   (a)    Engaging in conduct the natural consequence of which is to harass,

21          oppress, or abuse any person in connection with the collection of a

22          debt in violation of 15 U.S.C. § 1692d;

23   (b)    Placing telephone calls without providing meaningful disclosure of

24          WYSE FINANCIAL's identity as the caller in violation of 15 U.S.C. §

25          1692d(6);

26   (c)    Leaving telephonic voice messages which fail to disclose the purpose

27          or nature of the communication (i.e., an attempt to collect a debt) in

28          violation of 15 U.S.C. § 1692d(6);

-13-

CLASS ACTION COMPLAINT

(d)     Failing to disclose in its initial communication with the consumer, when that communication is oral, that WYSE FINANCIAL is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)     Failing to disclose in all oral communications that WYSE FINANCIAL is a debt collector in violation of 15 U.S.C. §1692e(11).

### VIII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

71.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

72.     Defendants violated the RFDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of WYSE FINANCIAL's identity as the caller in violation of Cal. Civ. Code § 1788.11(b); and

(b)     Leaving telephonic voice messages for Plaintiff in an attempt to collect a debt, wherein the Defendant violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiff's First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-14-

## IX. PRAYER FOR RELIEF

73.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SCHWEBS and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)     An award of the maximum statutory damages for SCHWEBS and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)     Declaratory relief adjudicating that WYSE FINANCIAL's telephone messages violate the FDCPA;

(iv)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)     For such other and further relief as may be just and proper.

B.     **For the SECOND CAUSE OF ACTION:**

(i)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SCHWEBS and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)     An award of the maximum statutory damages for SCHWEBS and the Plaintiff Class pursuant to Cal. Civ. Code §1788.30(b);

(iii)     Declaratory relief adjudicating that WYSE FINANCIAL's telephone messages violate the RFDCPA;

(iv)     Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and common fund doctrine in an amount to be determined at trial; and

1    (v)    For such other and further relief as may be just and proper.

2              **X.  DEMAND FOR JURY TRIAL**

3    Plaintiff hereby demands that this case be tried before a Jury.

4                                  **SCHROTH & SCHROTH**
5                                  Attorneys for Plaintiff, JERI B.
                                   SCHWEBS, and all others similarly
6                                  situated

7
     DATED:  December 15, 2010
8                                  By:_____
9                                  ROBERT E. SCHROTH SR., ESQ.
                                   (SBN 103063)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -16-

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JERI B. SCHWEBS, an individual; on behalf of himself and all others similarly situated | WYSE FINANCIAL SERVICES, INC., a Colorado Corporation; and DOES 1 through 10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert E. Schroth Jr. Esq.; SCHROTH & SCHROTH<br>2044 First Avenue, Suite 200, San Diego, CA 92101<br>Telephone: (619) 233-7521 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1692, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:    Case Number: _____    SACV10-01927

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                       ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved Λ

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_         Date December 15, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1927 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

*FOR OFFICE USE ONLY*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI B. SCHWEBS, an individual; on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WYSE FINANCIAL SERVICES, INC., a Colorado Corporation; and DOES 1 through 10 inclusive,<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-01927** JST (RNBx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  <u>WYSE FINANCIAL SERVICES, INC.</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Robert E. Schroth Jr., Esq.</u>, whose address is <u>2044 First Avenue, San Diego, Suite 200, California 92101-2079</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____DEC 1 7 2010____

By: _____

CHRISTOPHER PO____

Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

*FOR OFFICE USE ONLY*